United States District Court
Southern District of Texas
ENTERED
August 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SALOMEH GHIDARPOUR,** | § | |
| | § | |
| **Petitioner,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-06537** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner Salomeh Ghidarpour's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss and Motion for Summary Judgment (ECF No. 8). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment. The Court also **DENIES AS MOOT** Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 3).

## I. FACTUAL BACKGROUND

Petitioner is a native of Iran who entered the United States as an infant in 1982, more than forty years ago. ECF No. 1 at ¶ 1. On October 31, 2002, Petitioner was ordered removed by an immigration judge. *Id*. ¶ 52. However, Petitioner was also granted withholding of removal under the Convention Against Torture (CAT), which prevents her from being removed to Iran. *Id*.

In 2021, Petitioner was charged with possession of marijuana and took a deferred sentence to two years of probation. *Id*. at ¶ 53. In 2023, Petitioner failed a drug test and absconded to avoid arrest. *Id*. In April 2025, Petitioner turned herself in to the relevant authorities and served a custodial sentence. *Id*. at ¶ 55. Petitioner was ordered released from state custody on parole in August 2025, provided that she first complete a three-month drug rehabilitation program. *Id*. at ¶¶

55-56. Petitioner successfully completed the rehabilitation program in January 2026. *Id*. at ¶ 58. However, rather than being released from custody at this time, Petitioner was transferred to Immigration and Customs Enforcement custody on February 12, 2026. *Id*. at ¶ 58. Petitioner has been in ICE custody since that date. *Id*.

Petitioner has a family history of Amyotrophic Lateral Sclerosis ("ALS") and has been experiencing symptoms consistent with this disease while in ICE custody. *Id*. at ¶¶ 89-90. Her symptoms have progressively worsened during her time in ICE detention and required emergency medical attention. *See generally id.* at ¶¶ 95-103. Petitioner has informed medical staff at the detention facility about her condition, but the facility has been unable to provide appropriate care, including an evaluation by a neurologist that was ordered by the emergency room physician who examined Petitioner. *Id*.

Petitioner filed her first petition for a writ of habeas corpus on June 12, 2026. *See Ghidarpour v. Mullin*, No. 4:26-cv-4685 (S.D. Tex.) ("*Ghidarpour I*"). The district court dismissed the petition without prejudice on the basis that Petitioner's statutory and constitutional claims were premature because Petitioner's current period of ICE custody had "not yet exceeded the presumptively reasonable post-removal-order detention authorized in *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]." *Ghidarpour I*, ECF No. 10 at 3, 6. As of August 12, 2026, Petitioner's current period of detention has now exceeded the presumptively reasonable six-month period.

## II. ANALYSIS

The Immigration and Nationality Act ("INA") typically allows the United States Government ("the Government") ninety days to remove a noncitizen following an order of removal, during which time the noncitizen "shall" be detained. 8 U.S.C. § 1231(a)(1). This "removal period" begins when a removal order "becomes administratively final;" when a court,

having stayed removal pending review, issues its final order; or when the noncitizen is released from non-immigration detention. *Id.* The ninety-day period may be "extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* The Government may also keep noncitizens in prolonged custody if they present certain dangers to the community or are "unlikely to comply with [their] order of removal." 8 U.S.C. § 1231(a)(6).

After six months of post-removal order custody, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Under *Zadvydas v. Davis*, if a noncitizen who has been detained for over six months "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. In the event that it cannot, the individual must be released. *See id.* at 700.

Here, Petitioner had been detained for more than six months counting from her re-detention on February 12, 2026. She has provided good reason to believe that there is no significant likelihood of removal in the foreseeable future, given that she has been granted withholding of removal to Iran, her country of citizenship, and therefore cannot be removed to Iran. The burden thus shifts to Respondents to show that removal is in fact reasonably foreseeable. *Zadvydas*, 533 U.S. 678 at 701.

Respondents argue that removal is reasonably foreseeable because the Government "has been working to obtain the necessary authorizations to remove Petitioner to a third country (other than Iran)." ECF No. 8 at 4. Respondents have not indicated that efforts are currently underway to remove Petitioner to an alternative third country or that any third country is likely to accept

Petitioner. Indeed, several countries have already declined to accept Petitioner. Further, even if Respondents were able to identify a third country willing to accept Petitioner, Petitioner would then be "entitled to seek fear-based relief from removal to that country," likely resulting in a lengthy proceeding before an immigration judge. *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 399 (D.N.J. 2025). The Court therefore concludes that the Government has not demonstrated that removal is reasonably foreseeable. *See Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025) (finding that potential of third country removal did not render removal reasonably foreseeable); *Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692, at *10 (S.D. Tex. Oct. 16, 2025) (finding that "the Government hasn't demonstrated *any* likelihood of removal, much less a *significant* one" where the Government failed to identify a third country willing to accept the petitioner or present evidence that such an occurrence was likely). Petitioner's continued detention therefore violates 8 U.S.C. § 1231 and *Zadvydas*, and the appropriate remedy is immediate release. Accordingly, the Court **GRANTS** the Petition in part.

The Court **ORDERS** as follows.

1. Respondents shall release Petitioner from custody within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place, and Respondents must notify Petitioner's counsel of the time and place of her release **<u>at least three hours prior</u>**.
2. Respondents shall provide Petitioner with a copy of this Order upon her release.
3. Petitioner shall comply with the conditions of her previous Order of Supervision while released, as well as any conditions of her state parole.
4. The Government shall update the Court on the status of Petitioner's release by **<u>August 20, 2026</u>**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on August 17, 2026.

Keith P. Ellison
United States District Judge